IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Timothy L. Wright, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:18-cv-00386-TMC |
| v. ) | |
| ) | **ORDER** |
| Director Bryan Stirling, ) | |
| ) | |
| Defendant. ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brought this action seeking relief pursuant to Title 42, United States Code Section 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that this action be dismissed *with* prejudice. (ECF No. 59). Plaintiff was advised of his right to file objections to the Report. *Id.* at 4. However, Plaintiff filed no objections to the Report, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

1

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the magistrate judge's Report (ECF No. 59), which is incorporated herein by reference. Accordingly, this case is **DISMISSED *with* prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.[1]

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
October 10, 2018

NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] The court notes that Defendant initially filed a Motion to Dismiss for failure to state a claim on April 6, 2018, but withdrew this motion after Plaintiff amended his Complaint. (ECF Nos. 15, 25, 38). Defendant filed a subsequent Motion to Dismiss for failure to state a claim as to the Amended Complaint on May 21, 2018. (ECF No. 32). Having heard no response from Plaintiff as to the pending motion, the magistrate judge issued an order on July 12, 2018, warning Plaintiff that failure to respond to the Motion to Dismiss would result in the magistrate judge recommending dismissal with prejudice for failure to prosecute. (ECF No. 42). Plaintiff subsequently alerted the court that he had not received the Motion to Dismiss, so, out of an abundance of caution, the Clerk's office mailed Plaintiff another copy, and the magistrate judge ordered Plaintiff to respond by August 30, 2018. (ECF Nos. 47, 48, 49). In a second *Roseboro* Order, the magistrate judge again warned Plaintiff that failure to respond to the Motion to Dismiss may result in dismissal of his claims. (ECF No. 48). The court notes that Plaintiff did file a Motion to Amend his Complaint, for the second time, on August 3, 2018, (ECF No. 51), but the magistrate judge denied this motion for multiple reasons, including that such amendment was futile. (ECF No. 56). In that Order, the magistrate judge specifically stated that the case had "progressed to the stage at which Plaintiff should respond to the pending Motion to Dismiss." (ECF NO. 56 at 3-4). However, to date, the court has not received a response from Plaintiff regarding the Motion to Dismiss. Additionally, Plaintiff filed no objections to the magistrate judge's Report. As such, the court finds dismissal *with* prejudice to be appropriate because Plaintiff has ignored court orders despite having been specifically warned of the consequences of not complying.